```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF TENNESSEE
                  WESTERN DIVISION
```
_____

ANTHONY BROWN,

    Plaintiff,

vs.                                          No. 17-2931-SHM-dkv

LEE V. COFFEE, Judge
Criminal Court Shelby County,

    Defendant.
_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On December 22, 2017, the plaintiff, Anthony Brown ("Brown"), filed a *pro se* "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" against Lee V. Coffee, a judge in the Criminal Court of Shelby County, Tennessee ("Judge Coffee"). (Compl., ECF No. 1.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which this court granted on December 28, 2017, (ECF No. 6). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that Brown's claims against Judge Coffee be dismissed *sua sponte* for failure to state a claim upon which relief may be granted.

I. PROPOSED FINDINGS OF FACT

Brown filed his complaint on a court-supplied form styled "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983." (Compl., ECF No. 1.) The only specific cause of action listed in his complaint is violation of civil rights under 42 U.S.C. § 1983, which is found in the title of the court-supplied complaint. (*See* ECF No. 1.) Brown alleges that he has not been able to obtain his criminal records from the clerk's office since he was released from prison. (*Id.* ¶ IV.) According to Brown, the clerks tell him to obtain his criminal records from Judge Coffee instead of the clerk's office. (*Id.*) He alleges that Judge Coffee placed a seal on his criminal records and the county clerks[1] cannot retrieve them. (*Id.*) Brown alleges that this is a violation of his "constitutional rights" and that he is "appealing this case into federal court." (*Id.*)

In the section of the form complaint entitled "Relief," Brown states that he "would like to know why Judge [] Coffee has the authority to hold public records in his office and deny [him] the right to [his] records." (*Id.* ¶ V.) He also asks for a "federal investigation done on the city clerk's office for allowing Judge [] Coffee to get away with this constitutional

---

[1] Brown refers to the "county clerks," (*id.* ¶ IV), as well as the "city clerk's office," (*id.* ¶ V). Regardless of whether Brown is referring to the criminal court clerk's office, the county clerk's office, or the city clerk's office, the analysis herein remains unchanged.

rights violation." (*Id.*) Brown alleges that he has been trying to obtain his records for three years. (*Id.*)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Brown's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Brown's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotations and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)(internal quotations and citation omitted)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come

before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. Timeliness of the Suit

To the extent that Brown states any viable claim against Judge Coffee, the claim is time-barred. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The Tennessee statute of limitations for personal injury actions and actions brought under federal civil rights statutes is one year. Tenn. Code Ann. § 28-3-104(a); *see also Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)(citations omitted)("Because 42 U.S.C. § 1983 does not contain its own statute of limitations, the Court must look to state law to determine the appropriate limitations period. Tennessee provides a one-year limitations period for civil rights actions under § 1983."). While state law governs the duration of the limitation period, federal law governs when the limitation period begins to run. *Roberson*, 399 F.3d at 794 (citing *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003)); *Sevier v. Turner*, 742 F.2d 262, 272-73 (6th Cir. 1984)). Under federal law, "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the

6

basis of his action." *Sevier*, 742 F.2d at 273 (citations omitted).

In the present case, Brown alleges that Judge Coffee violated his constitutional rights by sealing his records and impeding Brown's access to them; Brown does not allege any other constitutional violations. (Compl. ¶ IV, V, ECF No. 1.) Brown further alleges that he has been trying to obtain his records for three years. (*Id.* ¶ V.) Because Brown knew of his injury more than one year before filing suit, his complaint is time-barred and therefore fails to state a claim.

### III. RECOMMENDATION

For the foregoing reasons, this court recommends that Brown's complaint be dismissed *sua sponte* in its entirety under 28 U.S.C. § 1915(e)(2)(ii).

Respectfully submitted this 31st day of January, 2018.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.