# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEE V. COFFEE, JUDGE CRIMINAL ) <br> COURT SHELBY COUNTY, ) <br> ) <br> Defendant. ) <br> ) | No. 17-cv-2931-SHM-dkv |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), dated January 31, 2018. (ECF No. 7.) The Report recommends *sua sponte* dismissal of Plaintiff Anthony Brown's complaint under 28 U.S.C. § 1915. (Id. at 15.)[1] Brown has not filed an objection, and the deadline to do so has passed. For the following reasons, the Report is ADOPTED, and Brown's complaint is DISMISSED.

On December 22, 2017, Brown filed a *pro se* complaint against Defendant Lee V. Coffee, Judge Criminal Court Shelby County, "for violation of Civil Rights under 42 U.S.C. § 1983." (Compl., ECF No. 1.) Brown alleges that he has not been able to obtain his criminal records from the clerk's office since he

---
[1] Unless otherwise noted, all record citations refer to the PageID number.

was released from prison. (Id. ¶ IV.) According to Brown, the clerks tell him to obtain his criminal records from Judge Coffee instead of the clerk's office. (Id.) He alleges that Judge Coffee sealed his criminal records and the county clerks cannot retrieve them. (Id.) Brown alleges that this is a violation of his "constitutional rights" and that he is "appealing this case into federal court." (Id.) For relief, Brown seeks "to know why Judge [] Coffee has the authority to hold public records in his office and deny [him] the right to [his] records." (Id. ¶ V.) He also asks for a "federal investigation done on the city clerk's office for allowing Judge [] Coffee to get away with this constitutional rights violation." (Id.) Brown alleges that he has been trying to obtain his records for three years. (Id.)

On January 31, 2018, United States Magistrate Judge Diane K. Vescovo entered the Report. (ECF No. 7.) It recommends that the Court *sua sponte* dismiss Brown's complaint under 28 U.S.C. § 1915 for failure to state a claim. (Id. at 15.) The Report explains that:

> To the extent that Brown states any viable claim against Judge Coffee, the claim is time-barred. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The Tennessee statute of limitations for personal

2

> injury actions and actions brought under federal
> civil rights statutes is one year. Tenn. Code Ann. §
> 28-3-104(a); see also Roberson v. Tennessee, 399 F.3d
> 792, 794 (6th Cir. 2005)(citations omitted)("Because
> 42 U.S.C. § 1983 does not contain its own statute of
> limitations, the Court must look to state law to
> determine the appropriate limitations period.
> Tennessee provides a one-year limitations period for
> civil rights actions under § 1983."). While state
> law governs the duration of the limitation period,
> federal law governs when the limitation period begins
> to run. Roberson, 399 F.3d at 794 (citing Sharpe v.
> Cureton, 319 F.3d 259, 266 (6th Cir. 2003)); Sevier
> v. Turner, 742 F.2d 262, 272-73 (6th Cir. 1984)).
> Under federal law, "[t]he statute of limitations
> commences to run when the plaintiff knows or has
> reason to know of the injury which is the basis of
> his action." Sevier, 742 F.2d at 273 (citations
> omitted).
>
> In the present case, Brown alleges that Judge
> Coffee violated his constitutional rights by sealing
> his records and impeding Brown's access to them;
> Brown does not allege any other constitutional
> violations. (Compl. ¶ IV, V, ECF No. 1.) Brown
> further alleges that he has been trying to obtain his
> records for three years. (Id. ¶ V.) Because Brown
> knew of his injury more than one year before filing
> suit, his complaint is time-barred and therefore
> fails to state a claim.

(Id. at 18-19.)

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de

3

novo any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Brown has not objected to the Report. Therefore, the Report should be adopted. See Arn, 474 U.S. at 150-51.

For the foregoing reasons, the Report is ADOPTED, and Brown's complaint is DISMISSED.

So ordered this 26th day of February, 2018.

                              */s/ Samuel H. Mays, Jr.*
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE